# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| DAVID BROADWAY,<br><br>                Plaintiff,<br>vs.<br><br>KARI ANN MEEK and ALLSTATE INSURANCE CO.,<br><br>                Defendants. | CV-17-33-GF-BMM<br><br>MEMORANDUM<br>AND ORDER |

## INTRODUCTION

Plaintiff David Broadway (Broadway), brought this action to recover underinsured motorist (UIM) coverage benefits under an automobile insurance policy issued by Allstate Insurance Company (Allstate). Presently before the Court are the parties' cross-motions for partial summary judgment. The Court conducted a hearing on the motions on November 27, 2017.

## BACKGROUND

Broadway was injured in an auto accident in Great Falls, Montana on July 9, 2014. A vehicle driven by Defendant Kari Meek (Meek) collided with the 2005 Hyundai Tucson driven by Broadway. Progressive Auto Insurance Company (Progressive) insured Meek.

Broadway's father was the titled owner of the Hyundai at the time of the accident. Broadway was driving the Hyundai with his father's permission. Broadway's parents had insured the Hyundai under an insurance policy issued by Allstate in Kansas. Broadway's father had gifted the Hyundai to Broadway before the accident. Paperwork to transfer legal title to the Hyundai to Broadway had not yet been completed. Broadway had not obtained his own insurance on the Hyundai at the time of the accident. The Allstate policy issued to Broadway's parents remained in effect when the accident occurred.

Broadway filed a personal injury lawsuit against Meek in state court on April 5, 2016. (Doc. 3). Broadway settled his claims against Meek for the $100,000 limits under Meek's insurance policy with Progressive. Broadway contends that the $100,000 that he received from Progressive failed to make him whole. Broadway seeks $100,000 in UIM benefits from Allstate. Allstate has refused to pay UIM benefits.

Broadway filed an Amended Complaint in state Court on March 10, 2017, that named Allstate as a defendant. (Doc. 4). Broadway asserted two claims against Allstate: a breach of contract claim seeking $100,000 in UIM benefits, and a bad faith claim. Allstate removed the case based on diversity of citizenship. (Doc. 1).

The parties' cross-motions for partial summary judgment present a choice of law question. The parties disagree on whether Kansas law or Montana governs the interpretation of the Allstate policy. Allstate argues that Kansas law applies. Broadway argues that Montana law applies.

## DISCUSSION

### A. Legal Standard

Federal courts sitting in diversity jurisdiction apply the substantive law of the forum state, including the choice of law rules of the forum state. *See Mason and Dixon Intermodal, Inc. v. Lapmaster International, LLC*, 632 F.3d 1056, 1060 (9th Cir. 2011); *Unified Western Grocers, Inc. v. Twin City Fire Ins. Co.*, 457 F.3d 1106, 1111 (9th Cir. 2006). Montana's choice of law principles apply.

### B. Choice of Law Provision

The Allstate policy contains a choice of law provision. Montana law provides that when an insurance policy contains a choice of law provision, the court must apply the chosen state's law unless: 1) the chosen state has no substantial relationship to the parties; or 2) Montana possesses a materially greater interest than the chosen state and application of the chosen state's laws would be contrary to a fundamental policy of the state of Montana. *Tidyman's Mgmt. Servs.*

*Inc. v. Davis*, 330 P.3d 1139, 1148 (Mont. 2014). The parties agree that choice of law provision in the Allstate policy should be applied.

The choice of law provision in the Allstate policy states that Kansas law should govern all disputes relating to the policy unless the occurrence happened outside the state of Kansas. (Doc. 26-1 at 16). The choice of law provision regarding an occurrence that takes place outside the state of Kansas first provides that the dispute "may be governed by the laws of the jurisdiction in which that . . . occurrence happened." (Doc. 26-1 at 16). The occurrence happened in Montana. The provision further states that Montana law, as the location of the occurrence, may apply "if the laws of that jurisdiction would apply in the absence of a contractual choice of law provision such as this." *Id.* The Court must determine, therefore, whether Montana law would apply in the absence of a contractual choice of law provision.

    C.    **<u>Choice of Law Analysis</u>**

Montana courts apply the Restatement (Second) of Conflict of Laws (Restatement), Sections 188 and 6, to determine choice of law issues when no contractual choice of law provision exists. Section 188(1) of the Restatement directs that the rights and duties of the parties with respect to an issue in contract should be determined by the law of the state which has the "most significant

relationship to the transaction and the parties under the [choice-of-law] principles stated in § 6." Restatement, § 188(1). Section 6 of the Restatement, in turn, requires a court to follow the statutory directive of it own state on choice of law if such a directive exists. The court considers the factors described in § 6(2) when no such directive exists. Section 6 of the Restatement provides as follows:

> § 6 Choice-of-Law Principles
>
> (1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.
>
> (2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include . . . [seven factors follow].

Restatement, § 6.

Montana has a statutory directive that addresses choice of law. *Tidyman's*, 330 P.3d at 1147. The Court need not address the factors described under § 6(2). *Tidyman's*, 330 P.3d at 1147. Mont. Code Ann. § 28-3-102 states that "[a] contract is to be interpreted according to the law and usage of the place where it is to be performed."

Montana recognizes two places of performance: the anticipated place of performance; and the actual place of performance. *Mitchell v. State Farm Ins. Co.*, 68 P.3d 703, 708-09 (Mont. 2003). The Court should deem Montana to be the

anticipated place of performance when the coverage provisions of an insurance policy apply in all states. *Mitchell*, 68 P.3d at 708. The Allstate policy at issue describes the area of coverage broadly as "occurrences within the United States of America, its territories or possessions or Canada, or between their ports." (Doc. 26-1 at 14). Montana serves as the anticipated place of performance of the Allstate policy. *Mitchell*, 68 P.3d at 708.

The Court must consider a variety of factors to determine the actual place of performance of an insurance contract. The factors include the place where the insured's claim arises, the insured obtains judgment, where the insured is entitled to receive benefits, or, the place where the insured incurred accident related expenses. *Mitchell*, 68 P.3d. at 709. The accident occurred in Montana. Broadway incurred accident related injuries in Montana. Broadway filed his underlying personal injury lawsuit in Montana. Montana serves as the actual place of performance of the Allstate policy under the circumstances. The policy must be interpreted under Montana law. *See National Surety Corp. v. Mack*, 2015 WL 8779995 *4 (D. Mont. 2015).

Allstate argues that the Montana Supreme Court's decision in *Tenas v. Progressive Preferred Ins. Co.*, 197 P.3d 990 (Mont. 2008), supports a determination that the policy must be interpreted under Kansas law. The facts

presented here differ from the those in *Tenas*. The choice of law provision in *Tenas* stated unequivocally that Nevada law would apply to all disputes relating to the policy. *Tenas*, 197 P.3d at 992.

*Tenas* presented the question whether an automobile insurance policy issued in Nevada, that contained a choice of law provision specifically requiring the application of Nevada law to resolve any disputes, nevertheless should be governed by Montana law given that the automobile accident had occurred in Montana. *Id.* at 994-97. The Montana Supreme Court analyzed whether Montana possessed a materially greater interest in the dispute than Nevada to overcome the choice of law provision in the insurance policy that directed Nevada law to apply. *Id*. at 995-96. Not surprisingly the Montana Supreme Court determined that Nevada law should apply as directed by the policy. *Id*.

Unlike *Tenas*, the choice of law provision in the Allstate policy does not state that Kansas law should apply to all disputes. The Allstate policy contemplates that Montana law should be applied to occurrences in Montana so long as the laws of Montana would apply in the absence of a contractual choice of law provision. (Doc. 26-1 at 16). Montana law must be applied to the Allstate policy under these circumstances.

Accordingly, IT IS ORDERED:

1. Plaintiff's Cross-Motion for Partial Summary Judgment (Doc. 29) is GRANTED. Montana law will govern the interpretation of the Allstate policy in this case.

2. Allstate's Motion for Partial Summary Judgment (Doc. 23) is DENIED.

DATED this 5th day of December, 2017.

Brian Morris
United States District Court Judge